UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF M&S LLC,<br><br>    Plaintiff,<br><br>v.<br><br>M&S LLC,<br><br>    Defendant. | Case No. 19-mc-80168-DMR<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR ORDER TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS**<br><br>Re: Dkt. No. 1 |

Applicant M&S LLC ("M&S"), a limited liability company organized and existing under the laws of Japan, filed this ex parte application seeking permission to issue a subpoena pursuant to 28 U.S.C. § 1782 for use of subsequent discovery in foreign proceedings. [Docket No. 1 (Appl.).] The court has considered the papers and relevant legal authority and grants the application in part and denies it in part.

## I. BACKGROUND

M&S filed this application seeking discovery in aid of foreign proceedings that it intends to initiate to challenge a 2018 article that it contends is defamatory. M&S is a Japanese company that manages a private equity fund in Tokyo, Japan. [Docket No. 3 (Sakuramachi Decl., June 19, 2019) ¶¶ 1, 4.] On June 30, 2018, anonymous author(s) posted an article on a blog accusing M&S of having committed fraud. *Id*. at ¶ 4, Exs. A (Japanese-language article), B (English translation). The article also included a personal photograph of M&S's founder, Masahiro Naito, that was posted without his permission. Sakuramachi Decl. ¶ 4; Ex. B at 5. M&S maintains that such an article "constitute[s] defamation and unlawful business interference against M&S under Japanese

1    law."[1] Sakuramachi Decl. ¶ 5. Lawyers of M&S contacted the anonymous author(s) of the
2    article, notifying them of potential prosecution against them if they did not stop publishing
3    defamatory statements. Sakuramachi Decl., Ex. B at 6.
4        The article was posted on a blog entitled "Breaking local news," which is hosted on a
5    platform operated by Cloudflare, Inc. ("Cloudflare"). Sakuramachi Decl. ¶¶ 4, 6. Cloudflare is a
6    Delaware corporation headquartered in San Francisco, California. *Id.* at ¶ 6.
7        M&S filed this application seeking leave to issue a subpoena to Cloudflare for documents
8    related to identifying the anonymous author(s) of the defamatory article for use in an anticipated
9    lawsuit against the author(s) in Japan. [Docket No. 4 at ECF pp. 3-7 (Proposed Subpoena).]
10   M&S requests all documents identifying the user(s) of the account, webhosts of the blog, access
11   logs, and documents identifying the members joined to the account from the date the account was
12   created to the date of production in response to this subpoena. *Id.*

## II.    II. LEGAL STANDARD

Applicants seek discovery pursuant to 28 U.S.C. § 1782, which states as follows:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court . . . . To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a). The purpose of Section 1782 is "to provide federal-court assistance in the gathering of evidence for use in a foreign tribunal." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004); *see also Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 84 (2d Cir. 2004) (noting that Section 1782 has the "twin aims" of "providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign

---

[1] Although M&S submitted an English translation of the allegedly defamatory article, it did not identify for the court the specific statements that it contends are actionable for defamation. However, M&S contends that the article contains statements accusing M&S of fraud.

countries by example to provide similar means of assistance to our courts") (citation and quotations omitted).

A district court is authorized to grant a Section 1782 application where (1) the person from whom the discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a "foreign or international tribunal," and (3) the application is made by the foreign or international tribunal or "any interested person." 28 U.S.C. § 1782(a); *see also Intel*, 542 U.S. at 246-47; *In re Republic of Ecuador*, No. C-10-80255-CRB (EMC), 2010 WL 3702427, *2 (N.D. Cal. Sept. 15, 2010).

"However, simply because a court has the authority under § 1782 to grant an application does not mean that it is required to do so." *In re Republic of Ecuador*, 2010 WL 3702427, at *2 (citing *Intel*, 542 U.S. at 264). The Supreme Court has identified several discretionary factors that a court should take into consideration in ruling on a Section 1782 request: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-65.

## III. DISCUSSION

### A. Authority to Issue Subpoena

The court has reviewed M&S's request and determines that the statutory requirements of Section 1782 have been satisfied. First, M&S has established that Cloudflare's headquarters are in San Francisco, California, which is located in this district. Sakuramachi Decl. ¶ 6. Second, the requested discovery is for use in a lawsuit that M&S is preparing to file in Japan against the anonymous author(s) of the article. It is of no import that M&S has not yet filed suit, as "Section 1782(a) does not limit the provision of judicial assistance to 'pending' adjudicative proceedings." *Intel*, 542 U.S. at 259 (rejecting view "that § 1782 comes into play only when adjudicative proceedings are 'pending' or 'imminent;'" they need only be "within reasonable contemplation.").

3

Finally, the court concludes that M&S qualifies as an "interested" party, since it plans to initiate litigation abroad.

### B. Discretionary Factors

Having concluded that it has the authority to issue the subpoena, the court turns to the question of whether the discretionary factors identified by the Supreme Court weigh in favor of or against the issuance of the subpoena.

With respect to the first discretionary factor, the Supreme Court has indicated that when the party from whom discovery is sought is not a participant in the foreign proceeding, the first factor weighs in favor of granting the application. *See Intel*, 542 U.S. at 264. As the Court explained:

> [W]hen the person from whom discovery is sought is a participant in the foreign proceeding . . . , the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad. A foreign tribunal has jurisdiction over those appearing before it and can itself order them to produce evidence. In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid.

*Id.* (internal quotations and citations omitted). Here, Cloudflare will not be a party to the anticipated foreign proceedings in Japan. Sakuramachi Decl. ¶ 8. M&S's stated goal is to identify the anonymous author(s) to bring a lawsuit alleging defamation. *Id*. at ¶ 5. This factor weighs in favor of the court granting the moving party leave to issue the subpoena.

As to the second factor, the nature and receptivity of the foreign tribunal, M&S asserts that there is no indication that Japanese courts would not be willing to consider the information sought by the requested discovery. M&S also cites cases in which courts have granted Section 1782 discovery for use in Japanese courts. *See, e.g., Marubeni Am. Corp. v. LBA Y.K.*, 335 Fed. Appx. 95, 97-98 (2d Cir. N.Y. 2009); *In re Application of LG Elecs. Deutschland GMBH*, No. 12cv1197–LAB (MDD), 2012 WL 1836283, at *3 (S.D. Cal. May 21, 2012). With respect to the third discretionary factor, there is nothing to suggest that M&S is attempting to circumvent foreign proof-gathering restrictions. Therefore, this factor weighs in favor of granting M&S's request.

The fourth factor examines whether the requested discovery is "unduly intrusive or

4

burdensome." *Intel*, 542 U.S. at 265. "Requests are unduly intrusive and burdensome where they are not narrowly tailored, request confidential information and appear to be a broad 'fishing expedition' for irrelevant information." *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1043 (N.D. Cal. 2016). Here, the subpoena requests documents identifying the user(s) of the account and webhosts of the blog, access logs, and documents identifying the members joined to the account, from the date the account was created to the date of production in response to the subpoena. This discovery is appropriately tailored to documents identifying the anonymous author(s) of the article. However, Request for Production ("RFP") No. 3 is overbroad as to time. RFP No. 3 requests access logs for the account at issue, as follows:

> All DOCUMENTS showing all access logs (including dates, times, IP addresses, access types) for the ACCOUNT from the date the ACCOUNT was created to the date of production in response to this subpoena, including access logs for each login (namely, login history of the ACCOUNT).

Proposed Subpoena. According to Taku Inoue, an attorney for M&S in Japan, M&S seeks access logs pertaining to the account in order to request information identifying the anonymous author(s) from his or her internet service provider. [Docket No. 2 (Inoue Decl., June 24, 2019) ¶ 7.] However, M&S has not shown the relevance of access logs going back to the date the account was created, which may be long before the offending article was posted, given that RFP Nos. 1 and 4 each seek user and member information dating back to the date the account was created. The anonymous author(s) published the article on June 30, 2018. The court finds that it is appropriate to limit RFP No. 3 to January 1, 2018 to the date of production in response to the subpoena. This time period, which starts six months before the article was published, is appropriately narrowly tailored.

These findings do not preclude Cloudflare from contesting the subpoena as narrowed above. The Ninth Circuit has held that applications for subpoenas pursuant to Section 1782 may be filed ex parte because witnesses "can . . . raise[ ] objections and exercise[ ] their due process rights by motions to quash the subpoenas." *In re Letters Rogatory from Tokyo Dist.*, 539 F.2d 1216, 1219 (9th Cir. 1976). Given the nature of the information sought by the subpoena, the court also finds that the subpoena should contain a mechanism by which the affected individuals, i.e.,

the owner(s) and user(s) of the account, may contest the disclosure of their personal identifying information pursuant to the subpoena. Accordingly, Cloudflare shall serve a copy of the subpoena and a copy of this order on all owner(s) and user(s) of the account within 30 days of the date of service on Cloudflare. Cloudflare may serve any such individuals using any reasonable means, including written notice sent to the individual(s) last known address, transmitted either by first-class mail or via overnight service.

Cloudflare and each owner and user of the account shall have 30 calendar days from the date of service upon him, her, or it to file any motions in this court to contest the subpoena. If the 30-day period lapses without an owner and/or user of the account contesting the subpoena, Cloudflare shall have 10 days to produce to M&S the information responsive to the subpoena with respect to that owner and/or user.

## IV.   IV. CONCLUSION

For the foregoing reasons, the court grants in part M&S's application. M&S may serve a finalized version of its subpoena attached to the proposed order, but must narrow the timeframe for RFP No. 3 as discussed above. Cloudflare and each owner and user of the account shall be permitted to contest the subpoena in accordance with the procedure set forth above. M&S must serve a copy of this order on Cloudflare at the same time as the subpoena.

**IT IS SO ORDERED.**

Dated: August 19, 2019



_____
Donna M. Ryu
United States Magistrate Judge

6